UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:13-CR-00219-FDW

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) **ORDER** |
| TRACY CLARENCE ANDERSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Compassionate Release/Reduction of Sentence. (Doc. Nos. 38, 54). Defendant is represented by counsel. The Government opposes the Motion, and the parties have fully briefed the issues. (Doc. Nos. 39, 40, 43, 44, 51, 57). For the reasons that follow, the Court DENIES Defendant's Motions.

I. BACKGROUND

In August of 2013, Defendant stole $3,788 from the Latino Community Credit Union in Charlotte, North Carolina, while on federal supervised released for an earlier bank robbery conviction in the Eastern District of North Carolina. Two days after the robbery, Defendant was arrested in Columbia, South Carolina, and a federal grand jury subsequently indicted him and charged him with bank robbery, 18 U.S.C. § 2113(a), to which he plead guilty. At the time of the offense, Defendant was 47 years old, and his criminal history included the prior conviction for bank robbery, as well as attempted homicide and aggravated assault, numerous larceny, forgery, and other property convictions, and two drug offenses.

The Presentence Report ("PSR") indicated Defendant had at least two prior felony convictions to trigger the then-mandatory career-offender enhancement under U.S.S.G. 4B1.2. (Doc. No. 15, p. 5). With a three-level reduction for acceptance of responsibility, Defendant had a

1

total offense level of 29. (Id.). That offense level, combined with the then-mandated criminal history category of VI based on his career offender status, resulted in a guidelines range of 151 to 188 months. (Id. at 18). Without the career offender enhancement, Defendant would have faced a guidelines range of 63-78 months. (Doc. No. 54, p. 3). The Court sentenced Defendant to be in prison for a term of 180 months to run consecutively to Defendant's imprisonment under any previous state or federal sentence. (Doc. No. 26, p. 24).

While in BOP custody, Defendant committed six disciplinary infractions from 2015 to 2021, including one instance of possessing drugs or alcohol and three instances of refusing a work assignment. (Doc. No. 51, p. 47). Defendant has completed several educational programs and has worked in the UNICOR program, where he completed 2,650 hours of work in the Accounts Payable Department. (Doc. No. 38-1-3). Defendant now seeks a reduction to "time served," and argues that if he were sentenced today, he would receive a shorter sentence as he would no longer be classified as a career offender, suffers from medical conditions that make him more susceptible to severe illness from COVID-19, and needs to be available to take care of his aging mother.

## II. STANDARD OF REVIEW

Section 603(b) of The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of his sentence from the court for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

2

If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023). First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court find 'extraordinary and compelling reasons warrant such a reduction.'" Id. (quoting § 3582(c)(1)(A)(i); citing United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021)). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A); citing Kibble, 992 F.3d at 331. Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentence avoidable and sentencing ranges, and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains he discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("if a court finds that a defendant has

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

3

demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Here, the record is clear Defendant exhausted his administrative remedies; thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release in light of the applicable § 3553(a) factors.

### III. ANALYSIS

Defendant contends the fact that he would not be a career offender if sentenced today results in an unwarranted sentence disparity that constitutes an extraordinary and compelling reason for compassionate release. Defendant argues the § 3553(a) factors counsel in favor of a reduced sentence and compassionate release, particularly given his post-sentencing rehabilitation. The Government disagrees and argues Defendant's lower advisory guideline range if he were sentenced today does not rise to the level of "extraordinary and compelling," and even if it did, the sentencing considerations described in 18 U.S.C. § 3553(a) do not support a reduced sentence or compassionate release.

The Fourth Circuit has recognized that "gross" or "exceptionally dramatic" sentencing disparities between a sentence under the prior law and the current law *can* constitute "extraordinary and compelling reasons," to warrant a reduction in a sentence as imposed. United States v. McCoy, 981 F.3d 271, 274-75, 285, 288 (4th Cir. 2020) ("[T]he *enormous* disparity between [the original] sentence and the sentence a defendant would receive today *can* constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A). (Emphasis added)); see also Concepcion v. United States, 213 L. Ed. 2d 731, 142 S. Ct. 2389 (2022); United States v. Reams, No. 1:14-CR-426-1, 2022 WL 2834341, at *4 (M.D.N.C. July 20, 2022) ("A change in sentencing law alone does not compel compassionate release." (citing McCoy, 981 F.3d at 286)), appeal dismissed, No.

22-6957, 2022 WL 18716531 (4th Cir. Nov. 16, 2022). There is no bright line rule or formulaic approach to determine what "disparity" between sentences must exist in order to be considered "extraordinary and compelling," and courts instead look to a defendant's individualized circumstances. See United States v. Johnson, No. 2:08-CR-00930-DCN-7, 2023 WL 24129, at *4 (D.S.C. Jan 3, 2023) ("[D]istrict courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today." (citing United States v. Hallman, 2022 WL 4477710, at *3 (W.D.N.C Sept. 26, 2022) (holding that even though the defendant would no longer be classified as a career offender, the sentencing disparity [between the original 360 months to life and the current range of 161 and 180 months] did not amount to an extraordinary and compelling reason because his criminal history "would likely have warranted an upward variance"); United States v. Massey, 2021 WL 4233886, at *4 (W.D.N.C. Sept. 16, 2021) (explaining that even though Hobbs Act robbery was no longer categorized as a crime of violence, the defendant's sentencing disparity [between the original range of 110 and 137 months and the current range of 70 and 87 months] was not so drastic that compassionate release was warranted); see also United States v. Crumitie, No. 1:06-CR0271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (recognizing that although the defendant would not be considered a career offender and a within-guidelines sentence would be "substantially shorter" if the defendant were sentenced today, that is "only one possible hypothetical result" in light of the plea agreement, the potential for the court to not impose a middle-of-the-range sentence, the violent crime committed by the defendant and his "long criminal history of assaults and robberies").

      As a starting point, the change in intervening law and guidelines on which Defendant relies were not made retroactive and therefore have no effect on the *validity* of his career offender

5

designation. Nevertheless, Defendant contends that he would not be classified as a career offender, and his advisory guidelines range would advise a top-end sentence of 78 months in prison.

The individualized circumstances here and the sentencing disparity created by the fact Defendant would not be a career offender if sentenced today constitute extraordinary and compelling reasons to consider a reduction in Defendant's sentence. In so concluding, the Court summarily rejects Defendant's argument that his medical conditions, when coupled with the threat of the COVID-19 virus, constitute extraordinary and compelling reasons to reduce his sentence. The record shows he is considered fully vaccinated against the COVID-19 virus, while nothing in the record suggests his current place of incarceration has failed to take appropriate measures to manage Defendant's medical conditions and nothing suggests the conditions of his current institution – such as uncontrolled spread of the virus or significant outbreaks – create a particularized risk of contracting the disease at his prison facility different than the risk outside the prison. The Court also summarily rejects Defendant's other argument regarding his family's need for his support and concludes that under this record, the need to care for his mother does not constitute extraordinary and compelling reasons to reduce his sentence.

Having determined that extraordinary and compelling reasons exist based on the sentencing disparity discussed above, the Court concludes the full record, the applicable § 3553(a) factors, and Defendant's post-sentencing conduct counsel against a sentence of time served.

As an initial matter, the Court notes that during Defendant's original sentencing, his counsel requested the Court fashion a sentence in between the top of the noncareer offender guideline, or 78 months, and the bottom of the career offender guideline, or 151 months. This was based in large part upon his physical impairments, his parents' advanced ages, and the lack of threat or violence being used in his commission of the bank robbery. (Doc. No. 26, p. 11). The

6

Court considered counsel's argument and *declined* to grant the departure. In rejecting the argument, the Court specifically noted that his medical issues, including the need for joint replacements, did not form a basis for a departure. (Id. at p. 20). Moreover, the Court explained, "two factors that particularly concerned the Court [were Defendant's] personal history and the need for this Court to specifically deter [Defendant] from further crimes." (Id. at p. 26). In further justifying the imposition of the career offender guidelines, the Court stated that Defendant is a career offender in laymen's terms, as he has spent most of life committing crimes, and has had 36 incidents with law enforcement since 1986, including his time in prison for a federal bank robbery only six years prior. (Id. at p. 25). The Court was extremely troubled by the fact that Defendant committed a second federal bank robbery while on supervised release for a previous bank robbery, and stated, "I do not think there is a basis for variance by saying that [Defendant's] career offender status overstates [his] criminal history. It's a very, very sad and serious criminal history." (Id. at p. 23).

Turning to Defendant's more recent conduct, his disciplinary record while incarcerated tends to show a sentence reduction is not appropriate, particularly where it includes six disciplinary infractions, with the most recent three infractions occurring as recently as 2021. In the past several years in prison, Defendant has continuously faced disciplinary actions, and the Court finds troubling the fact that these involve drug and alcohol use, as well as noncompliance with work assignments. (Doc. No. 51). Defendant has admitted struggles with alcohol and drug use, and claims his criminal path began when by experimenting with substances at a young age. While a defendant's post-sentencing conduct may not be determinative in considering a sentence reduction, it "provides the most up-to-date picture of [his] 'history and characteristics.'" Pepper v. United

7

States, 562 U.S. 476, 492 (2011) (citing 18 U.S.C. § 3553(a)(1)). Unfortunately for this Defendant, his serious recent disciplinary infractions do not suggest he is ready to comply with the law.

With respect to Defendant's efforts at rehabilitation, the Fourth Circuit has held that district courts must provide an individualized explanation for denying relief when the defendant presents evidence of post-sentencing *rehabilitation*. High, 997 F.3d at 189-90 ("[A]s Chavez-Meza makes plain, there are cases in which a minimal explanation suffices, while in other cases, more explanation may be necessary." (citing Chavez-Meza v. United States, 138 S. Ct. 1959 (2018)); cf. United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021) (requiring additional explanation of district court's reasons for rejecting nearly two decades of prison programming and rehabilitative efforts). Here, the Court acknowledges Defendant has completed a number of educational courses, as well as 2,650 hours of work in the Accounts Payable Department and has completed a Drug Abuse Education Course. These achievements will serve him well when he is released; however, they do not outweigh Defendant's three disciplinary infractions in the last two years to sufficiently support a reduction in sentence to time served.

Although Defendant has served more time than the maximum guideline range without the career offender enhancement, that change in the guidelines was not retroactive. Reducing his sentence to time served would not account for his criminal history, the nature and circumstances of the crime, or his disciplinary record while incarcerated. Nor would it reflect the seriousness of his offenses, provide just punishment, or deter similar conduct.

## IV. CONCLUSION

In addressing changes created by Congress as a result of the First Step Act, the Supreme Court has reiterated the wide discretion afforded to district judges in sentencing and in considering motions for sentence modification. "Put simply, the First Step Act does not *require* a district court

8

Case 3:13-cr-00219-FDW    Document 61    Filed 07/27/23    Page 8 of 10

to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief…All that is required is for a district court to demonstrate it has considered the arguments before it." Concepcion v. United States, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2404-05 (2022) (emphasis added). As eloquently summarized by the Middle District of North Carolina:

> The compassionate release statute is appropriately invoked only in unusual cases or, as the Fourth Circuit put it in McCoy, the "most grievous cases." 981 F.3d at 286. It should not become a vehicle for wholesale and repeated reconsideration of sentences in violation of the general rule of finality. See [United States v. Goodwyn, 596 F.3 233, 235 (4th Cir. 2010)].

Crumitie, No. 1:06-CR-271, 2022 WL 1809312, at *5; see also Concepcion, 142 S. Ct. at 2406 ("The finality of criminal judgments is essential to the operation of the criminal justice system." (Kavanaugh, J. dissenting.))

Defendant pled guilty to the instant offense involving bank robbery by force or violence. The Court considered Defendant's arguments at sentencing for a departure – including an argument that the Court sentence Defendant as if he were *not* a career offender – and determined a 180-month sentence to be appropriate. Notwithstanding the significant sentencing disparity between the sentence imposed and the sentence that would be imposed if Defendant was sentenced today, the changes in law were not made retroactive. The record in this case, including Defendant's disciplinary history while incarcerated, as well as the need to reflect the seriousness of the offense, need to provide just punishment, need for adequate deterrence, and need to protect the public outweigh Defendant's positive rehabilitation efforts and counsel against a sentence of time served. Under the current record, the sentence as imposed remains sufficient, but not greater than necessary, to advance the goals of sentencing set forth in § 3553(a).

**IT IS, THEREFORE, ORDERED** that the Motions for Compassionate Release, (Doc. Nos. 38, 54), is DENIED.

**IT IS SO ORDERED.**

Signed: July 27, 2023

Frank D. Whitney
United States District Judge